UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELMER EDUARDO ANGEL HERNANDEZ,

Plaintiff,

v.

CHRISTOPHER CHESTNUT,

Defendant.

No. 1:26-cv-07344-DAD-SCR

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING MOTION TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On September 11, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4).

On September 15, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In that same order, the court directed that if respondent

opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 17, 2026, respondent filed a motion to dismiss. (Doc. No. 8.) Therein, respondent argues that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(E) based upon petitioner's May and July 2025 arrests for burglary, obstruction, child cruelty, evading police, theft, escape from custody, vehicle theft and possession of marijuana. (*Id.* at 3.) Respondent attaches evidence reflecting these arrests.[1] (*Id.* at 15–21.) Respondent does not oppose the court ruling on the underlying petition (*id.* at 1), and the court will do so.

Petitioner has not yet received a *Matter of Joseph* hearing before an immigration judge to determine whether his arrests render him subject to mandatory detention. (*Id.* at 3.) The court incorporates its reasoning in *Buckley v. Chestnut*, No. 1:26-cv-02624-DAD-JDP (HC), 2026 WL 1030931, at *3–4 (E.D. Cal. Apr. 16, 2026), and finds that petitioner has not exhausted his administrative remedies and that the prudential exhaustion requirement should not be waived. Accordingly, the court will grant respondent's motion to dismiss the pending petition due to petitioner's failure to first exhaust his administrative remedies.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without prejudice for failure to exhaust administrative remedies;
2. Petitioner's pending motions (Doc. Nos. 2, 3, 4) are DENIED as having been rendered moot;
3. Defendant's motion to dismiss (Doc. No. 8) is GRANTED; and

/////

/////

/////

[1] Respondent does not report the status of any criminal proceedings stemming from these arrests and does not assert that petitioner was convicted of any of the listed offenses, instead stating that under the Laken Riley Act § 1226(c) detention of any alien charged with a crime falling within the purview of the statute is required. (Doc. No. 8 at 2.)

4. The Clerk of the Court is also directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 21, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE